UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. G-20-029 |
| | § | |
| EDDIE ALLEN BAUGH | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Carrie Wirsing, Assistant United States Attorney, and the defendant, Eddie Allen Baugh ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(C)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement for a specific sentence, the terms and conditions of which are as follows:

### Defendant's Agreement

Defendant agrees to plead guilty to Count One of the Indictment.   Count One charges the Defendant with Unlawful Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt. Defendant further agrees to withdraw any legal arguments, including those relating to suppression and speedy trial, and waives his right to appeal the same. Defendant further waives any interest in and agrees to forfeiture of the items seized in connection with this case.

### Punishment Range

2.  The **statutory** minimum penalty for each violation of Title 18, United States Code, Section 922(g)(1) is a term of imprisonment years of up to ten (10) years, and a fine of not more than $250,000.    Additionally, Defendant may receive a term of supervised release after

imprisonment of up to three years.  *See* Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.  *See* Title 18, United Stated Code, sections 3559(a)(4) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.   Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from

2

Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal and Collateral Review

5.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   In agreeing to these waivers, Defendant is aware that a maximum sentence of sixteen (16) months imprisonment in the Federal Bureau of prisons and a term of three (3) years supervised release shall be accepted or rejected by the Court according to Federal Rule of Criminal Procedure 11(c)(1)(C).   Defendant further understands that if the court accepts the agreement, he shall

3

receive a maximum term of sixteen (16) months imprisonment in the Federal Bureau of prisons and a term of three (3) years supervised release.

7.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8.   The United States agrees to each of the following:

(a)      If Defendant pleads guilty to Count One of the Indictment, Defendant shall receive a maximum term of sixteen (16) months imprisonment in the Federal Bureau of prisons and a term of three (3) years supervised release.

### Agreement Binding - Southern District of Texas Only

9.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

4

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements by the court, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose a sentence of up to sixteen (16) months after Defendant pleads guilty, and that acceptance of the sentence is within the sole discretion of the sentencing judge.   If the Court should impose any term of imprisonment greater than sixteen (16) months imprisonment, Defendant and/or the United States can withdraw from the agreement and neither party will be bound to fulfill the obligations under this plea agreement.

### Rights at Trial

12.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other

evidence on his/her own behalf.   If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his/her own behalf.

### Factual Basis for Guilty Plea

13.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

On June 2, 2020, La Marque Police Department Officer Jose Santos Santos conducted a traffic stop of a vehicle after he smelled the odor of marijuana coming from the vehicle and observed that the vehicle had a temporary license plate with black duct tape obstructing the first and last digit of the plate number. As soon as the vehicle came to a stop the driver, Eddie BAUGH, jumped out and the passenger fled on foot. BAUGH had a Taurus Judge .45 caliber revolver on his waistline which Officer Santos confiscated.   It was determined that the firearm had been manufactured in Brazil. BAUGH had been previously convicted of Engaging in Organized Criminal Activity, a felony, on January 15, 2019, Cause No. 159793701010 in the 263rd District Court of Harris County, Texas, and he was therefore not permitted to lawfully possess a firearm.

### Breach of Plea Agreement

14.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement.   If at any time Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been

disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Forfeiture and Fines – Generally

15.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Forfeiture

19. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

21. Defendant understands that the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

22. This written plea agreement, consisting of 10 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

8

23.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Galveston_, Texas, on _August 11th_, 2021.

_Eddie Bad_
Defendant

Subscribed and sworn to before me on _August 11th_, 2021.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Jennifer B. Lowery
Acting United States Attorney

By: _____
Carrie Wirsing
Assistant United States Attorney
Southern District of Texas

_____
Joshua Lake
Attorney for Defendant

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

UNITED STATES OF AMERICA § § § CRIMINAL NO. G-20-029

v. § §

EDDIE ALLEN BAUGH § §

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States plea agreement and I have fully and carefully explained to Defendant that he will receive a maximum of sixteen (16) months in the Federal Bureau of Prisons and three (3) years of supervised release upon acceptance of the plea by the court. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       _8/11/21_
Attorney for Defendant                           Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment sentence shall not exceed sixteen (16) months in the Federal Bureau of Prisons and ~~five~~ three (5) 3 years of supervised release, if the court accepts the plea. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____       _8/11/21_
Defendant                                              Date

10